**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:16-cv-00170-MR
[CRIMINAL CASE NO. 1:13-cr-00078-MR-DLH-1]**

| | |
|---|---|
| BRITTANY ROCKELL WILLIAMS, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF <br> DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1]. For the reasons that follow, the Court dismisses the petition.

## PROCEDURAL HISTORY

On February 24, 2014, Petitioner Brittany Rockell Williams pleaded guilty in this Court pursuant to a written plea agreement to carrying and using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). [Criminal Case No. 1:13-cr-00078-MR-DLH-1 ("CR"), Doc. 22: Acceptance and Entry of Guilty Plea; Doc. 20: Plea Agreement].

In preparation for Petitioner's sentencing hearing, the probation office prepared a presentence investigation report ("PSR"), noting that Petitioner faced a minimum statutory term of imprisonment of five years under 18 U.S.C. § 924(c)(1)(A)(i). [Id. at ¶ 64]. On January 16, 2015, this Court sentenced Petitioner to 60 months' imprisonment. [CR Doc. 40: Judgment]. Judgment was entered on January 21, 2015. [Id.]. Petitioner did not appeal.

Petitioner placed the instant motion to vacate in the prison mailing system on June 8, 2016, and it was stamp-filed in this Court on June 15, 2016. [Doc. 1]. As her sole claim in the motion, Petitioner contends that she is entitled to relief under Johnson v. United States, 135 S. Ct. 2551 (2015).

## STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

Here, Petitioner's sole claim for relief is under the Supreme Court's decision in Johnson. Specifically, Petitioner contends that she is entitled to sentencing relief because Johnson "revokes the residual clause and is applicable to 924(c) charges as identical." [Doc. 1 at 4].

Petitioner is not entitled to relief. In Johnson, the Supreme Court held that the provision in the Armed Career Criminal Act ("ACCA") defining "violent felony" to include a prior conviction for an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another" (commonly known as the "residual clause") is void for vagueness. Johnson, 135 S. Ct. at 2556, 2558. Although Petitioner was not sentenced under the Armed Career Criminal Act, Petitioner appears to seek to apply the reasoning of Johnson to the residual clause contained in 18 U.S.C. § 924(c)(3)(B), which defines a crime of violence for purposes of § 924(c). See 18 U.S.C. § 924(c)(3)(B) (defining a crime of violence to include a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense").

Petitioner, however, was convicted of carrying and using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), not during and in relation to a "violent felony." Accordingly, the

3

holding of Johnson has no effect on the validity of Petitioner's conviction. Accord Eldridge v. United States, No. 16-CV-3173, 2016 WL 4062858, at *2-3 (C.D. Ill. July 29, 2016); United States v. Parnell, No. 14-4100, 2016 WL 3230697, at *4 (3d Cir. June 13, 2016); United States v. Gibson, No. 3:07-1057-CMC, 2016 WL 3552008, at *2 (D.S.C. June 30, 2016); Polanco v. United States, No. 1:16-cv-20576-UU, 2016 WL 1357535, at *2 (S.D. Fla. Apr. 6, 2016)).

## CONCLUSION

For the reasons stated herein, the Court dismisses Petitioner's motion to vacate.

The Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability.

4

See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: August 22, 2016

Martin Reidinger
United States District Judge